# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MEGAN WASHINGTON<br>    Plaintiff | CIVIL ACTION NO. 3:19-cv-115 |
| v. | JUDGE TERRY A. DOUGHTY |
| DOUGLAS CHANCELLOR MEYERS<br>AND ASSOCIATES, LLC | MAG. JUDGE KAREN L. HAYES |
|     Defendant | |

## MEMORANDUM RULING

Pending before the Court is a Motion for Entry of Default Judgment filed by the Plaintiff, Megan Washington, against the Defendant, Douglas Chancellor Meyers and Associates, LLC [Doc. No. 7].

A Complaint was filed by Plaintiff on January 31, 2019 [Doc. No. 1], alleging violations of the Fair Debt Collection Practices Act, (FDCPA). A summons issued to the Defendant on January 31, 2019 and was returned executed by Defendant on July 23, 2019 [Doc. No. 4]. On the same date, Plaintiff made a Motion/Request for Entry of Default [Doc. No. 5] and the Clerk entered a default on July 23, 2019 [Doc. No. 6]. On December 5, 2019, Plaintiff filed a Motion for Default Judgment [Doc. No. 7] which was set for a Response by January 02, 2020. Defendant has not responded to the Plaintiff's Motion for Default Judgment.

## Law and Analysis

The evidence and complaint show that the Plaintiff's action arises out of Defendant's attempted collection of an alleged debt on Plaintiff in violation of the FDCPA.

According to the Affidavit of Megan Washington, (Exhibit A), on or about June, 2018 Defendant began calling Megan Washington, in an attempt to collect a debt. During one of Defendant's calls, Defendant's collector offered Plaintiff payment options and Plaintiff agreed to a payment schedule. Plaintiff provided Defendant her banking information so Defendant could debit the agreed amounts on the agreed dates. Defendant debited the funds from Plaintiff's account <u>prior</u> to the first agreed payment date. Plaintiff called Defendant to inquire about the payment. Defendant's collector told Plaintiff that Defendant would run her debit card everyday until the funds were paid. Plaintiff then canceled the payment arrangement, causing Defendant's collector to tell Plaintiff that she hoped Plaintiff had extra money because Defendant was going to start garnishing her paycheck. Additionally, Defendant never sent written notice containing her dispute and validation rights under 15 U.S.C §1692G.

Plaintiff alleges four separate violations of the FDCPA under 15 U.S.C. §1692e(5), under §1692e(10), under §1692f and under §1692g(a).

Plaintiff sued the Defendant through the Louisiana Long Arm Statute, specifically, La. R.S. 13:3201(3) by causing injury or damage by an offense or quasi offense committed through an act or omission in this State. As shown by Exhibit A (Affidavit of Megan Washington), and Exhibit B, (Affidavit of Samuel Ford), the Defendant attempted to collect a debt from a Louisiana resident and Defendant is licensed as a debt collector in Louisiana. Therefore, this Court has personal jurisdiction over the Defendant as the Defendant purposely availed itself of the privilege of conducting activities in this State when it is registered here to collect alleged debts from Louisiana residents.

Valid service was made upon Brian McGovern, registered agent for the Defendant at the registered agent's address [Doc. No. 4]. A Motion for Entry of Default was made and the Clerk entered default in this matter on July 23, 2019 [Doc. Nos. 5 & 6].

Having reviewed the Complaint, the Affidavits, Motion for Entry of Default, and other evidence submitted in this matter, the Court believes that the Plaintiff, Megan Washington, is entitled to judgment against the Defendant, Douglas Chancellor Meyers and Associates, LLC as is set forth herein. The Court believes that the Defendant violated the FDCPA four times.

First, the Plaintiff is entitled to statutory damages in the amount of $1,000.00 in accordance with Title 15 U.S.C. §1692K.

Plaintiff is also entitled to costs and attorney fees in this matter. The Court awards attorney fees in the amount of $6,850.00 (27.4 hours x $250.00 per hour). The Court also awards costs in the amount of $527.78.

Due to the circumstances of this matter, the fact that the Defendant violated four specific provisions of the FDCPA, the Court believes that pre-judgment interest along with post-judgment interest should be awarded on the damages, attorney fees, fees and costs awarded by the Court.

Monroe, Louisiana this 3rd day of January, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE